# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **WILLIAM C. ALLISON, et al.,** | ) | |
| **Plaintiffs** | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **v.** | ) | **Case No. 1:09cv00057** |
| | ) | |
| **SHAPIRO & BURSON, LLP, et al.,** | ) | |
| **Defendants** | ) | |

This case comes before the court on the Motion To Join Additional Parties, (Docket Item No. 21), filed by the defendants Shapiro & Burson, LLP, ("Shapiro & Burson"), and Professional Foreclosure Corporation of Virginia, ("Professional Foreclosure"), the Motions To Dismiss Second Amended Complaint, (Docket Item Nos. 22, 26), filed by Shapiro & Burson, Professional Foreclosure and Ocwen Loan Servicing, LLC, ("Ocwen"), and the plaintiffs' Motion To Dismiss Shapiro & Burson, LLP As A Party Defendant, (Docket No. 33). The motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

## I. Facts

For purposes of the motions to dismiss, the facts, as pleaded by the plaintiffs in their Second Amended Complaint, ("Complaint"), are accepted as true. The plaintiffs, William C. and Kay T. Allison own a house located at 416 E. Riverside

Drive, North Tazewell, Virginia. Without the plaintiffs' knowledge, a deed of trust was recorded against this property in 2006. The plaintiffs did not sign the deed of trust and deny that they incurred the debt secured by the deed of trust.

In the summer of 2008, the plaintiffs learned of the deed of trust against their property when they saw notice of a foreclosure sale of the property. Plaintiffs allege this notice of foreclosure stated that Ocwen was acting through its counsel, Shapiro & Burson. The plaintiffs notified Ocwen by telephone that the signatures on the deed of trust were not theirs and that the social security numbers on the loan application for the underlying debt were not theirs. The plaintiffs also sent written notice of their dispute of the debt and the deed of trust by facsimile to Ocwen. The plaintiffs never received any response from Ocwen, but the foreclosure sale did not proceed.

In April 2009, the plaintiffs received a written collection notice from Shapiro & Burson dated April 1, 2009. This collection notice stated that the "promissory note or other evidence of indebtedness secured by the deed of trust on the subject property is unavailable at this time." The notice listed the payoff amount on the loan. By letter dated April 21, 2009, Shapiro & Burson again contacted the plaintiffs. This letter stated that the law firm represented Ocwen and gave the payment amount necessary to make the loan current and avoid foreclosure.

After receiving this letter, the plaintiffs retained an attorney who sent a letter to Shapiro & Burson with a copy to Professional Foreclosure. This letter stated that the plaintiffs were contesting the validity of the deed of trust and the underlying debt. This letter was received by Shapiro & Burson on April 29, 2009. The defendants also

issued a notice of foreclosure on the property on April 29, 2009. The notice of foreclosure listed Professional Foreclosure as the substitute trustee. Professional Foreclosure is a wholly owned subsidiary of Shapiro & Burson.

After the plaintiffs filed suit and served process on Ocwen, Ocwen sent a letter to the plaintiffs, which the plaintiffs received on May 19, 2009. This letter asked the plaintiffs to contact Ocwen regarding their "severely delinquent mortgage loan."

## II. Analysis

I will first address the plaintiffs' motion to dismiss Shapiro & Burson. The plaintiffs have moved to dismiss their claims against Shapiro & Burson without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(2). Shapiro & Burson have no objection to the claims against them being dismissed, but do object to them being dismissed without prejudice. Whether to grant the plaintiffs' motion to dismiss is within the court's discretion. *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Also, any such dismissal may be "on terms that the court considers proper." FED. R. CIV. P. Rule 41(a)(2). The Fourth Circuit has held, however, that the purpose of Rule 41(a)(2) is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis*, 819 F.2d at 1273.

For purposes of Rule 41(a)(2), prejudice to a defendant does not result from the prospect of a second lawsuit. *See Davis*, 819 F.2d at 1275. This case had been pending less than three months when the plaintiffs moved to dismiss their claims against Shapiro & Burson. Shapiro & Burson has not yet filed its answer to the current

Complaint. Instead, Shapiro & Burson has filed a motion to join additional parties and a motion to dismiss the plaintiffs' claims against it under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be granted. Under these facts, I cannot find that Shapiro & Burson will suffer any prejudice by granting the plaintiffs' motion and dismissing their claims against Shapiro & Burson without prejudice.

I will next address the defendants' motions to dismiss for failure to state a claim. With regard to these motions, I note that the court's jurisdiction is based on a federal question under 28 U.S.C. § 1331 based on the plaintiffs' claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601, *et seq*. The other claims, however, are pendent state law claims, over which the court may exercise jurisdiction under 28 U.S.C. § 1367, and which the parties agree are governed by Virginia law. *See U.M.W.A. v. Gibbs*, 383 U.S. 715, 726 (1966). For quite some time, this court has cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that in order to grant a motion to dismiss, it must appear certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the Supreme Court recently revisited the proper standard of review for a motion to dismiss and stated that the "no set of facts" language from *Conley* has "earned its retirement" and "is best forgotten" because it is an "incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).

In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of ... 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard" under which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 550 U.S. at 555-63.

The Court further explained the *Twombly* standard in *Ashcroft v. Iqbal*, No. 07-1015, 556 U.S. ____, slip op. at 14-15, (May 18, 2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ... Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. ...
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Internal citations omitted.)

The plaintiffs assert six claims against the defendants. Count I of the Complaint alleges breach of fiduciary duty against Professional Foreclosure and Shapiro & Burson. Count II alleges equitable fraud or attempted fraud against all three defendants. Count III seeks a declaratory judgment as to the validity of the deed of

trust and underlying debt. Count IV seeks injunctive relief preventing the foreclosure on the property. Count V alleges a Fair Debt Collection Practices Act violation against all three defendants. Count VI alleges a slander of title-injurious falsehood claim against all three defendants. Professional Foreclosure has moved to dismiss all the counts asserted against it. Ocwen has moved to dismiss the plaintiffs' claims based on fraud and slander of title.

I first will address the motion to dismiss the plaintiffs' breach of fiduciary duty claim against Professional Foreclosure. A trustee under a deed of trust acts as a fiduciary for both debtor and creditor. *See Smith v. Credico Indus. Loan Co.*, 362 S.E.2d 735, 736 (Va. 1987) (citing *Whitlow v. Mountain Trust Bank*, 207 S.E.2d 837, 840 (Va. 1974)). Because of this, a trustee must "act toward each with perfect fairness and impartiality." *Powell v. Adams*, 18 S.E.2d 261, 263 (Va. 1942) (citation omitted). A trustee may not permit a creditor who is seeking to realize on his security to force a sale which would unfairly injure the debtor. *See Linney v. Normoyle*, 134 S.E. 554, 555 (Va. 1926). Furthermore, if there is any cloud upon the title to the property or any uncertainty as to the debts secured by the property, a trustee has a duty to turn to the courts to resolve these issues before proceeding with the sale of a sale of the property. *See Shultz v. Hansbrough*, 33 Gratt. 567, 1880 WL 6111, at *7 (Va. 1880). "But it is not the duty of a trustee in every case to invoke the aid of a court of equity, before making a sale of the trust-subject.... It is only when the aid of a court of equity is necessary that it ought to be applied for...." *Muller's Adm'r v. Stone*, 6 S.E. 223, 225 (Va. 1888); *see also Hudson v. Barham*, 43 S.E. 189, 190 (Va. 1903).

The plaintiffs in this case argue that, as a fiduciary of the alleged debtor, the

substitute trustee, Professional Foreclosure, had an obligation to ascertain the validity of the deed of trust before seeking to foreclose under it, especially in light of their 2008 notice that they were contesting the deed of trust and the underlying debt. The plaintiffs, however, do not allege facts showing that Professional Foreclosure had, or should have had, any notice that the validity of the deed of trust and underlying debt were being questioned until Professional Foreclosure received plaintiffs' April 27, 2009, letter. The plaintiffs allege that their July 2008 notice was provided to Ocwen, the debtor. They do not allege that Ocwen shared this information with Professional Foreclosure. In their memorandum, the plaintiffs allege that documents on file at the Tazewell County Circuit Court Clerk's Office show that Professional Foreclosure was substituted as trustee under the deed of trust in February 2008. While this document was attached as an exhibit to the original complaint, it was not referenced in or attached as an exhibit to the Complaint currently before the court. It was, however, made part of this court's record when the state court's records were transmitted to this court upon removal.

Without alleging facts showing that Professional Foreclosure had, or should have had, knowledge that the validity of the deed of trust and underlying debt were being contested, Professional Foreclosure had no duty as substitute trustee to seek a determination from the courts before proceeding to sell the property. If there was no fiduciary duty to seek the determination, a failure to do so cannot be a breach of fiduciary duty. I also should note that the parties agree that, after receiving notice that the plaintiffs were challenging the validity of the deed of trust and underlying debt, Professional Foreclosure canceled the scheduled foreclosure sale and has agreed not to go forward with the sale until a court can determine the validity of the documents.

Therefore, I recommend that the court grant Professional Foreclosure's motion to dismiss this claim against it.

The plaintiffs also seek to assert a fraud claim against both Professional Foreclosure and Ocwen. Both defendants have moved to dismiss the claim under Rule 12(b)(6). Virginia recognizes causes of action for both actual and constructive fraud. To state a claim for actual fraud under Virginia law, a plaintiff must allege "'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage....'" *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994) (quoting *Thompson v. Bacon*, 425 S.E.2d 512, 514 (Va. 1993)). "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." *Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994) (citations omitted). Furthermore, any reliance on the representation of another must be reasonable. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999).

The defendants argue that the Complaint fails to state a claim for fraud because it fails to allege any misrepresentation made by either Professional Foreclosure or Ocwen. The plaintiffs argue that the defendants' action in not proceeding with the foreclosure sale in the summer of 2008 was a representation that they had accepted the plaintiffs' proof of the invalidity of the deed of trust and underlying debt. Virginia law recognizes that representations intended to convince another that an issue does not exist may constitute fraud. *See White v. Potocska*, 589 F. Supp. 2d 631, 642 (E.D. Va.

2008) (citing *Packard Norfolk, Inc. v. Miller*, 95 S.E.2d 207, 211(Va. 1956)). Virginia law also recognizes "concealment," or fraud by omission, but "where there is no duty to disclose, silence does not constitute concealment." *White,* 589 F. Supp. 2d at 642. Furthermore, Virginia law does not recognize a claim for constructive fraud based on an omission because "a claim for fraud by omission requires deliberate nondisclosure." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 833 (4th Cir. 1999) (citing *Hitachi Credit*, 166 F.3d at 629).

The court in this case does not have to reach the issue of whether the defendants' inaction constituted a representation because the plaintiffs have failed to allege any facts showing that they relied on this inaction to their detriment. "An allegation of fraud in the abstract does not give rise to a cause of action; it must be accompanied by allegation and proof of damage." *Cmty. Bank v. Wright*, 267 S.E.2d 158, 160 (Va. 1980) (citation omitted). Furthermore, "there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." *Cmty. Bank*, 267 S.E.2d at 160 (quoting *Cooper v. Wesco Builders, Inc.*, 281 P.2d 669, 672 (Idaho 1955)).

Here, the plaintiffs claim that the alleged fraud or misrepresentation was the defendants' cancellation of the 2008 foreclosure sale after Ocwen learned that the plaintiffs alleged that the deed of trust and underlying note were not valid. From the facts alleged by the plaintiffs, however, it is clear that their position was no worse after Ocwen canceled the 2008 foreclosure sale. Before the cancellation of the sale, the plaintiffs allege that they had a forged deed of trust improperly filed as a lien on their property. After the canceled sale, the alleged forged deed of trust remained

against their property. Their position did not change. The plaintiffs cannot show that they relied on any alleged misrepresentation to their detriment. Therefore, I recommend that the court dismiss their fraud claims against all defendants.

The plaintiffs also seek a declaratory judgment regarding the validity of the deed of trust filed against their property and the validity and existence of any indebtedness secured by the deed of trust. The plaintiffs also seek injunctive relief to prevent the sale of their property under the deed of trust. Ocwen, through its counsel, concedes that the plaintiffs have properly pleaded these claims against it. Professional Foreclosure argues that these claims against it should be dismissed. Professional Foreclosure argues that the declaratory judgment claim should be dismissed because all necessary parties are not before the court. In particular, Professional Foreclosure claims that the alleged forgers – the plaintiffs' son and daughter-in-law – are necessary parties who must be added as party defendants or the court must dismiss this claim because it cannot render full relief. Professional Foreclosure also has moved to add the plaintiffs' son and daughter-in-law as party defendants. Professional Foreclosure argues that the claim for injunctive relief should be dismissed as moot because it canceled the May 2009 foreclosure sale of the property and has agreed not to commence new foreclosure proceedings until the court rules on the validity of the deed of trust and underlying debt.

Turning first to the request to dismiss the claim for injunctive relief as moot, I reject Professional Foreclosure's argument. While the plaintiffs may no longer have any need for temporary injunctive relief, the Complaint can be interpreted as seeking permanent injunctive relief. Such relief may be appropriate should the court find that

the deed of trust and underlying debt are not valid liens against the plaintiffs' property. That being the case, I recommend that the court deny Professional Foreclosure's motion to dismiss the claim for injunctive relief against it.

I also recommend that the court grant Professional Foreclosure's motion to join the plaintiffs' son and daughter-in-law as party defendants or, in the alternative, grant Professional Foreclosure's motion to dismiss the claim because these necessary parties are not currently before the court. My ruling on this issue is influenced in large part by the relief sought by the plaintiffs on this claim. In Count III of the Complaint, the plaintiffs seek:

> ...[A]n adjudication ... of the validity of the deed of trust upon which the Defendants seek to foreclosure [sic]..., upon the validity and existence of the indebtedness purportedly secured by said deed of trust; and to the entry of an Order declaring the aforesaid deed of trust to be void, the trustee's legal title of said instrument to be void; and releasing said deed of trust as a lien of record....

Thus, the plaintiffs not only seek decisions as to the validity of the deed of trust and whether it may be enforced against their property, but they also seek a ruling as to the "validity and existence" of the underlying debt. In determining the validity of a contract, including a promissory note or other debt, the parties to the contract are necessary parties. *See Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 305 (4th Cir. 1992) (parties to a contract are necessary parties to a suit on the contract); *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, 2009 WL 700169, at *17 (W.D. Va. March 17, 2009) (party to a contract is a necessary party for a breach of contract action). The plaintiffs have provided the defendants information in

discovery claiming that their son and daughter-in-law, William C. Allison II and Tina Gail Allison, are the persons who signed the deed of trust and the underlying note. If this fact is true, as makers of these contracts, William C. Allison II and Tina Gail Allison would be necessary parties in an action to determine the validity and enforceability of the contracts.

My ruling also is based on the very real possibility that the defendants, if required to participate in two different adjudications in order to seek full relief, may be left with inconsistent decisions. *See* FED. R. CIV. P.19(a)(1)(B)(ii); *see also Nat'l Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000) (very real possibility of inconsistent judgments weighs heavily in favor of finding that a party is a necessary party).  If the son and daughter-in-law acted with the authority of the plaintiffs, their actions in signing the deed of trust and underlying note would bind the plaintiffs. *See E. Augusta Mut. Fire Ins. v. Hite*, 250 S.E.2d 348, 351 (Va. 1979) (citing *Daniel v. Yearick*, 46 S.E.2d 333, 335-36 (Va. 1948)).  If the plaintiffs had not authorized their actions, but they later learned of the son's and daughter-in-law's actions and ratified their actions, the plaintiffs also would be bound.  *See Kilby v Pickurel*, 396 S.E.2d 666, 668 (Va. 1990) (a principal is bound by an agent's previously unauthorized act if the principal ratifies the act by accepting its benefits with full knowledge of the relevant facts or if, upon learning of the act, he fails to promptly disavow it).  If, however, the son and daughter-in-law acted without the authority or approval of the plaintiffs, and, indeed, as claimed by the plaintiffs, forged the plaintiffs' names on the deed of trust, the deed of trust would be void, *See Helm v. Lynchburg Trust  & Sav. Bank*, 56 S.E. 598, 602 (Va. 1907) (if signature on a deed of trust is a forgery, deed should be set aside as null and void), but the noteholder, Ocwen, could seek recourse

against the forgers for their fraud.

If the son and daughter-in-law are not brought before this court, the defendants face the very real possibility of receiving inconsistent court decisions. For instance, this court could find in favor of the plaintiffs based on a finding that the documents were forged and, thus, void and not enforceable against them. Left then to file a separate action against the alleged forgers, the defendants could be denied relief in that action based on a finding that the son and daughter-in-law were acting with the authority or approval of the plaintiffs. That being the case, I find that the defendants' motion for joinder should be granted and that William C. Allison II and Tina Gail Allison should be added as party defendants. Since the court's jurisdiction is based on a federal question, adding these individuals will not affect the court's subject matter jurisdiction.

I next will address Professional Foreclosure's motion to dismiss the debt collection claim against it. In Count V of their Complaint, the plaintiffs allege that the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1601 *et seq.*, by making contact with the plaintiffs after having knowledge that the plaintiffs were represented by counsel and by continuing collection efforts after notice that the plaintiffs were disputing the debt. Based on my review of this claim, I recommend that the court grant Professional Foreclosure's motion. As stated above, the plaintiffs' Complaint and attachments set forth facts showing that the plaintiffs provided written notice to Ocwen in July 2008 that they were disputing the validity of the deed of trust and underlying debt. The plaintiffs have not alleged facts showing that they provided this information to Professional Foreclosure; nor have they alleged facts showing that

Ocwen shared this information with Professional Foreclosure. At best, the plaintiffs have shown that Professional Foreclosure mailed a notice of the 2009 foreclosure sale on the same date that it received notice of their dispute of the debt. The plaintiffs, however, have not alleged facts showing that Professional Foreclosure sent these communications after receiving their notice of dispute. Therefore, I recommend that the court grant Professional Foreclosure's motion to dismiss the debt collection claim against it.

I next will address the defendants' motions to dismiss the slander of title claim. Both Ocwen and Professional Foreclosure have moved to dismiss this claim. To state a valid claim for slander of title under Virginia law, a plaintiff must allege facts showing "(1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, (4) and special damages." *Lodal v. Verizon Virginia, Inc.*, 74 Va. Cir 110, 2007 WL 5984179, at *2 (Fairfax 2007) (citing *Bison Bldg. Co., LLC v. Brown*, 70 Va. Cir. 348, 355, 2006 WL 1360893, at *5 (Fairfax 2006) (quoting 50 AM. JUR. 2d § 550 (2006))). It is not sufficient to simply allege a cloud on the title of the plaintiffs' property; a plaintiff must plead and prove that he has suffered a monetary loss as a result of the defendant's actions. *See Lodal,* 2007 WL 5984179, at *3 (claim for presumed damages to marketable value of property fails to allege the special damages required to pursue a claim for slander of title).

Furthermore, a plaintiff may not pursue a claim for slander of title based upon a privileged statement. *See Bison Bldg. Co.,* 2006 WL 1360893, at *6. This court previously has held that a lis pendens filing is entitled to only a qualified privileged. *See Warren v. Bank of Marion*, 618 F. Supp. 317, 325 (W.D. Va. 1985). In so holding,

the court rejected the specific argument that the lis pendens filing should be accorded the absolute privilege given under Virginia law to communications made in judicial proceedings. *See Warren*, 618 F. Supp at 324-25. The court also noted that Virginia law grants a qualified privilege to communications made by a creditor who is attempting to protect its interests. *See Warren*, 618 F. Supp. at 324 (citing *Rosenberg & Sons v. Craft*, 29 S.E.2d 375, 381 (Va. 1944); *Fed. Land Bank of Baltimore v. Birchfield,* 3 S.E.2d 405 (Va. 1939)).

It does not appear that the Virginia courts have addressed the issue of whether a deed of trust should be considered a privileged statement, and, if so, whether it is protected by a qualified or absolute privilege. If, as this court held in *Warren*, a lis pendens filing, which simply recites that there is an outstanding claim before a court which might affect the property, is entitled to only a qualified privilege, then there is little reason to believe that the Virginia Supreme Court would extend the absolute privilege granted to communications in judicial proceedings to the filing of a deed of trust, which is not done in relation to any pending proceeding. Instead, I believe the Virginia court would be inclined to hold that the filing of a deed of trust would be protected by a qualified privilege. I also find that the Virginia court would extend this qualified privilege to those communications required by law to enforce a creditor's rights under a deed of trust, such as the foreclosure publications at issue here. If a communication is protected by a qualified privilege, a plaintiff must show that the communication was made with actual malice. *See Warren*, 618 F. Supp. at 324 (citing *Preston v. Land*, 255 S.E.2d 509, 511 (Va. 1979)). Actual malice may be shown by the defendant's knowledge of falsity or by his reckless disregard for the truth. *See Raytheon Technical Servs. Co. v. Hyland*, 641 S.E.2d 84, 89-90 (Va. 2007). In this

case, the defendants argue that the plaintiffs have not pleaded sufficient facts to show that defendants acted with actual malice.

As the plaintiffs have asserted in their arguments before the court, their slander of title claim is based on the filing of the alleged invalid deed of trust and on the publication of the various notices surrounding the 2008 and 2009 foreclosure sales. Based on my review of the Complaint, I find that the plaintiffs have not alleged sufficient facts to adequately state a claim for slander of title claim based on any of these publications. With regard to the filing of the deed of trust and the 2008 foreclosure publications, the plaintiffs have alleged no facts showing that the defendants either knew or should have known that the deed of trust or underlying debt were not valid prior to the filing of the deed of trust or the publication of the notices of the 2008 foreclosure sale. In fact, the plaintiffs have not alleged that any of the defendants were actually involved in the original filing of the deed of trust as a lien against the plaintiff's property.

I also find that the plaintiffs have not pleaded adequate facts to state a claim for slander of title based on the publications regarding the 2009 foreclosure sale. As stated above, a plaintiff in a slander of title claim must plead that he has suffered special damages, i.e., a monetary loss as a result of the false statement. In this case, the plaintiffs have not asserted that they have suffered any monetary loss as a result of the publications regarding the 2009 foreclosure sale. In fact, the only damages that the plaintiffs assert that they have suffered are for their attorney's fees and costs associated with this case. Many courts have recognized that attorney's fees and expenses incurred in an effort to clear a cloud placed on the title to a property may be

recoverable as special damages in a slander of title claim. *See* 4 A.L.R. 4th 532 § 9, n.57 (1981). While it does not appear that the Virginia court has addressed this issue, it is not necessary for this court to address the issue. In this case, the plaintiffs do not claim that publications related to the 2009 foreclosure sale created a cloud on their title. Instead, they allege that it is the outstanding deed of trust filed against their property that creates the cloud on their title and impairs their ability to transfer or encumber the property. As stated above, the plaintiffs cannot pursue a slander of title claim based on the filing of the deed of trust because they have not properly alleged malice. Based on the above reasoning, I recommend that the court grant the defendants' motions and dismiss the plaintiffs' slander of title claim.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1.    Shapiro & Burson will not be prejudiced by the court granting the plaintiffs' motion to dismiss plaintiffs' claims against them without prejudice;

2.    Under Virginia law, a trustee under a deed of trust owes a fiduciary duty to both the debtor and creditor;

3.    As a fiduciary for the debtor, the trustee must seek the assistance of the courts if the validity of the deed of trust or underlying debt is questioned before proceeding to sell the property;

4.    The plaintiff has not alleged that Professional Foreclosure knew, or

should have known, that they had challenged the validity of the deed of trust and underlying debt prior to its issuance of the April 29, 2009, notice of foreclosure;

5.    After being notified that the plaintiffs were challenging the validity of the deed of trust and underlying debt, Professional Foreclosure canceled the foreclosure sale and has agreed not to go forward with the sale until the court determines whether the deed of trust and underlying debt are valid. The plaintiffs have failed to state a claim for breach of fiduciary duty against Professional Foreclosure;

6.    Under Virginia law, a plaintiff must allege that a false representation was made upon which he relied to adequately plead a claim for fraud;

7.    The plaintiffs have not properly alleged reliance because they have not alleged that their position changed based on any of the defendants' representations;

8.    The plaintiffs have failed to state a claim for fraud against all defendants;

9.    The plaintiffs' claim for permanent injunctive relief is not moot;

10.   William C. Allison II and Tina Gail Allison are necessary parties to the plaintiffs' declaratory relief claim;

11.   The court should grant Professional Foreclosure's motion to join William C. Allison II and Tina Gail Allison as party defendants to the plaintiffs' declaratory relief claim;

12.   The plaintiffs have not alleged facts showing that Professional Foreclosure had knowledge of their dispute of the debt at issue until April 29, 2009;

13.   The plaintiffs have not alleged facts showing that Professional

Foreclosure had notice of their dispute of the debt at issue prior to mailing various foreclosure notices;

14. The plaintiffs have failed to state a claim for violation of the Fair Debt Collection Practices Act against Professional Foreclosure;

15. Under Virginia law, to state a claim for slander of title, a plaintiff must allege facts showing malice on the part of the defendants and that the plaintiff suffered special damages;

16. Under Virginia law, a deed of trust and foreclosure notices filed by a creditor to protect its security interest in real property are protected by a qualified privilege;

17. If a communication is covered by a qualified privilege, the plaintiff must allege facts showing actual malice, that is knowing falsity or reckless disregard for the truth;

18. The plaintiffs have failed to allege sufficient facts to state a slander of title claim against the defendants based on the filing of the deed of trust or the 2008 foreclosure notices because they have failed to allege that the defendants knew or should have known that these documents contained false statements; and

19. The plaintiffs have failed to allege facts sufficient to state a slander of title claim against the defendants based on the 2009 foreclosure notices because they have failed to allege that they suffered any special damages as a result of these notices.

# RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the plaintiffs' Motion To Dismiss Shapiro & Burson, LLP As A Party Defendant, (Docket No. 33), without prejudice. I also recommend that the court grant Professional Foreclosure's Motion To Join Additional Parties, (Docket Item No. 21), and add William C. Allison II and Tina Gail Allison as party defendants to plaintiffs' declaratory relief claim. I further recommend that the court grant the defendants' motions to dismiss, (Docket Item Nos. 22, 26), insofar as it dismisses plaintiffs' breach of fiduciary claim and collection claim against Professional Foreclosure and dismiss plaintiffs' fraud and slander of title claims against all defendants.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of

the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 19th day of November 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE